UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JAMES CLINTON ABSHURE  CIVIL ACTION NO. 06-2031

versus  JUDGE STAGG

SHERIFFS OFFICE OF CADDO  MAGISTRATE JUDGE HORNSBY
PARISH, ET AL

**REPORT AND RECOMMENDATION**

**Introduction**

James Clinton Abshure ("Plaintiff") filed a pro se complaint against Sheriff's Deputy Jermaine Kelly in which he complained that Kelly refused to allow Plaintiff to take an insulin injection following an arrest and refused to allow Plaintiff to bring his insulin or eyeglasses with him to jail. Kelly filed a Motion to Dismiss (Doc. 15) based on Rule 12(b)(6) and qualified immunity. Plaintiff then obtained counsel and filed a First Amended Complaint (Doc. 23) that attempted to shore up the allegations against Deputy Kelly. The amended pleading also added claims against Deputy Webb and the Sheriff. Plaintiff filed a memorandum in opposition to Kelly's motion to dismiss, and Kelly filed a reply memorandum.

**Relevant Allegations**

When ruling on a motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint. Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007). Plaintiff's First Amended Complaint did not merely add or modify a few paragraphs of his

original complaint. Rather, Plaintiff entirely restated his complaint, which means the First Amended Complaint superceded the original complaint and rendered it of no legal effect. Boelens v. Red Man Homes, Inc., 759 F.2d 504, 508 (5th Cir. 1985). Thus, the allegations of the First Amended Complaint govern for purposes of this motion contest.

Plaintiff has been diabetic since he was about 15 years old. He has Type I diabetes and must take insulin by injection twice a day. If Plaintiff does not have his insulin as scheduled, it will result in serious medical consequences such as severe weakness, violent illness or even death. First Amended Complaint, ¶¶ 7-8.

Deputy Kelly arrested Plaintiff on a misdemeanor charge at Plaintiff's home. Before they left the home, Plaintiff asked that he be permitted to inject himself with a required dose of insulin. He told Deputy Kelly that he "needed the shot for his diabetic condition and that he was needing his second shot of the day." The arrest happened around 9:00 p.m., and Plaintiff had taken his first shot that day around 6:00 a.m. Plaintiff's sister also "told Kelly of Plaintiff's need for insulin." ¶¶ 8-9.

Deputy Kelly initially approved Plaintiff giving himself an injection, but he rescinded his approval after Plaintiff had the insulin in his hand and was about to inject it. Plaintiff attempted to bring the insulin with him to jail, but Deputy Kelly refused to allow him to do so, saying that Plaintiff would be released on bond within a few hours and could return home to take his insulin. Kelly also did not allow Plaintiff to take his eyeglasses to the jail. ¶ 9.

During booking upon arrival at the jail, Plaintiff "requested insulin more than one time." The requests were refused despite a high blood sugar count. Family members brought insulin to the jail on the night of the arrest and requested that Plaintiff be allowed to take it, but unspecified "Caddo Sheriff employees" refused to provide the insulin to Plaintiff because there was no one there to give the injection. ¶ 10.

The allegations in Paragraph 10 do not specify to whom the requests were made during booking or later. There is no assertion that Deputy Kelly was present during any of the booking or post-booking events. The remainder of Plaintiff's allegations relate to his alleged lack of medical care during his stay at the jail, and Deputy Kelly is never again mentioned.

**Qualified Immunity; Medical Care**

The doctrine of qualified immunity shields government officials performing discretionary functions from civil liability insofar as their conduct does not violate clearly established constitutional rights of which a reasonable person would have known. Meadours v. Ermel, 483 F.3d 417, 422 (5th Cir. 2007). The two-step analysis asks whether a constitutional right has been violated based on the facts alleged by the plaintiff. Next, the court must determine whether the officer's conduct was objectively reasonable in light of clearly established law at the time of the alleged violation. Id. at 422-23. Each defendant is entitled to individual consideration of the claims against him. Id. at 421-22.

"When a defendant invokes qualified immunity, the burden is on the plaintiff to demonstrate the inapplicability of the defense." McClendon v. City of Columbia, 305 F.3d 314, 323 (5th Cir. 2002)(en banc). In a Rule 12(b)(6) contest, that means the Plaintiff must point to portions of his complaint "that state with factual detail and particularity the basis for the claim which necessarily includes why the defendant-official cannot successfully maintain the defense of immunity." Babb v. Dorman, 33 F.3d 472, 477 (5th Cir. 1994).

An arrestee's complaint for denial of medical care is judged under the same standard that is applied to a pre-trial detainee. Nerren v. Livingston Police Department, 86 F.3d 469, 472-73 (5th Cir. 1996). In the case of an episodic act or omission, such as a failure to provide medical care, a policeman violates the arrestee's substantive due process right to medical care if the official acts with subjective deliberate indifference to the arrestee's rights. Id. at 473, citing Hare v. City of Corinth, 74 F.3d 633, 647-48 (5th Cir. 1996) (en banc). The officer must have subjective knowledge of a substantial risk of serious medical harm, but respond with deliberate indifference. Id.

**Analysis**

Courts have acknowledged that a constitutional violation may take place when the government does not respond to the legitimate medical needs of a detainee whom it has reason to believe is diabetic. See, e.g., Lolli v. County of Orange, 351 F.3d 410, 420 (9th Cir. 2003) and Rollins v. Magnusson, 2004 WL 1770141, *6 (D. Me. 2004) (both collecting cases). These cases recognize that diabetes may be a serious medical need, but reported

decisions also demonstrate that plaintiff must demonstrate that a particular defendant was deliberately indifferent to a substantial risk of serious medical harm arising from the diabetic condition.  See Cornelia v. Laib, 117 F. Supp. 2d 754 (N.D. Ill. 2000) (jail physician and nurse entitled to summary judgment on diabetic detainee's claims that they should have administered insulin or hospitalized him); Weyant v. Okst, 101 F.3d 845 (2d Cir. 1996) (arresting officers not entitled to summary judgment when diabetic arrestee demonstrated multiple symptoms of insulin shock but was taken to police barracks rather than a hospital); Egebergh v. Nicholson, 272 F.3d 925 (7th Cir. 2001) (summary judgment denied when officers deprived a shoplifter of insulin shot while knowing it would endanger his health and for no better reason than to get him out of the police station); and Garretson v. City of Madison Heights, 407 F.3d 789 (6th Cir. 2005) (arresting officer and detective were not shown to be aware of facts to suggest deliberate indifference to diabetic's need for insulin; other officers who were specifically told of the immediate need for insulin could be held liable).

The cited cases were decided on motions for summary judgment rather than a motion to dismiss, so the evidentiary showings required of the plaintiffs in those cases is not present. Plaintiff's burden is to plead enough specific facts in the complaint to state a claim of deliberate indifference and overcome qualified immunity.

Plaintiff has made allegations about the seriousness of his diabetes and the consequences that could occur if he did not receive his second shot of the day.  Plaintiff has

not, however, alleged facts to show that Deputy Kelly was subjectively aware of any particular time concerns with respect to the injection,[1] that Deputy Kelly saw Plaintiff exhibit any symptoms or signs that suggested Plaintiff needed insulin immediately, or that other facts indicate that Deputy Kelly knew that Plaintiff faced a substantial risk of serious harm by not having an immediate insulin injection.

"[N]egligent medical care does not constitute a valid section 1983 claim." Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993). Plaintiff must satisfy the much more demanding "deliberate indifference" standard. Deliberate indifference requires that the official have subjective knowledge of the risk of harm and harbor the subjective intent to cause harm. That condition cannot be inferred from a failure to act reasonably. Wagner v. Bay City, 227 F.3d 316, 324 (5th Cir. 2000), quoting Hare v. City of Corinth, supra. The facts presented by Plaintiff are not enough to satisfy that standard.

Plaintiff's allegations against Deputy Kelly fall short for another reason. Delay in medical care can violate the constitution but only if there has been deliberate indifference that "results in substantial harm." Easter v. Powell, 467 F.3d 459, 463 (5th Cir. 2006), quoting Mendoza, 989 F.2d at 195. Plaintiff does not allege that he actually suffered any

---

[1] Plaintiff alleges: "Plaintiff requires two shots of insulin a day. The time of the arrest was around 9pm. He had taken his first shot that day around 6am." First Amended Complaint, ¶ 9. Plaintiff does not allege that he communicated to Deputy Kelly those facts or any other specific facts about his insulin schedule and needs. He merely alleges that he asked that "he be permitted to inject himself with a required does of insulin" and that his sister "also told Kelly of Plaintiff's need for his insulin." Id.

harmful effects of a lack of insulin until well after Deputy Kelly had turned over custody of Plaintiff to the jail. Plaintiff has also failed to articulate any harm that befell him due to a lack of eyeglasses.

**Conclusion**

Plaintiff's allegations do not contain specific facts that depict Deputy Kelly as acting with subjective deliberate indifference to serious medical need. Plaintiff does not allege that Deputy Kelly witnessed symptoms or was provided other specific information that showed Plaintiff was then in need of insulin. In the setting alleged, it was not objectively unreasonable for Deputy Kelly to not permit an arrestee to inject what the arrestee said was insulin. It was appropriate for the arresting officer to, absent special circumstances that were not alleged, take the arrestee to jail where medical personnel could evaluate the need for insulin and administer it. Plaintiff alleges that medical personnel and others at the jail did not carry out their job properly, but the failures of others cannot be the basis for Section 1983 liability against Deputy Kelly.

Accordingly;

**IT IS RECOMMENDED** that the **Motion to Dismiss (Doc. 15)** be **granted** and that all claims against Deputy Jermaine Kelly be **dismissed with prejudice**.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and

recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED at Shreveport, Louisiana, this 6th day of September, 2007.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE