U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT

JUN 1 0 2009

TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

---

JAMES CLINTON ABSHURE

versus

CADDO PARISH SHERIFF'S
OFFICE, ET AL.

CIVIL NO. 06-2031

JUDGE TOM STAGG

---

## MEMORANDUM RULING

Before the court are the third and fourth motions to amend/correct the complaint filed by the plaintiff, James Clinton Abshure ("Abshure"), pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. See Record Documents 51 and 53. Based on the following, Abshure's third and fourth motions to amend/correct the complaint are **DENIED**.

## I. BACKGROUND

During the evening of November 3, 2005, Abshure, an insulin dependent diabetic, was arrested at his residence by Caddo Parish Deputy Jermaine Kelly ("Deputy Kelly") for a misdemeanor and transported to the Caddo Correctional Center ("CCC"). At the time of his arrest, Deputy Kelly prevented Abshure from injecting himself with his nightly dosage of insulin. Although Abshure requested an insulin injection multiple times during the booking process, he never received any

1

insulin.

The next morning, Abshure's blood sugar rose to 527 (normal range is 110) and he was transported by another Caddo Parish Sheriff's Office ("CPSO") employee, Deputy Webb, to the LSU Medical Center in Shreveport, Louisiana. After waiting at the hospital approximately eight hours without receiving treatment, Abshure signed a waiver of medical treatment so that he could return to CCC in hopes of "bonding out." However, Abshure was unable to make bond. Instead, he was placed in the infirmary and monitored by Nurse Sylvia Busey ("Nurse Busey"), a CPSO employee. Once again, Abshure never received an insulin injection.

Later that evening, Abshure exhibited symptoms of ketoacidosis: nausea, vomiting, shortness of breath, and general malaise. He was transported to LSU Medical Center and immediately treated with insulin. After three days in the hospital, Abshure was released.

## II. PROCEDURAL HISTORY

On October 31, 2006, Abshure filed a <u>pro se</u> complaint in federal court against the CPSO, Deputy Kelly, and the CCC under Title 42, United States Code, section 1983. <u>See</u> Record Document 1. On May 24, 2007, Deputy Kelly filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. <u>See</u> Record Document 15. Abshure then retained counsel and filed an opposition to Deputy Kelly's motion to dismiss. <u>See</u> Record Document 21. On October 1, 2007, this court adopted Magistrate Judge Mark Hornsby's Report and Recommendation

and granted Deputy Kelly's motion to dismiss. See Record Document 27.

On July 27, 2007, Abshure filed his first motion to amend his complaint to add Deputy Webb of the CPSO as a defendant. See Record Document 20. The court granted this motion on July 30, 2007. See Record Document 23. On January 13, 2008, Abshure filed his second motion to amend his complaint to remove Deputy Kelly as a named defendant but to add his alleged acts of negligence as an employee of the CPSO under Article 2315 of the Louisiana Civil Code. See Record Document 31. The court granted this motion on January 14, 2008. See Record Document 32.

The February 19, 2008 case management report filed pursuant to Rule 26 of the Federal Rules of Civil Procedure and signed by counsel for both Abshure and the defendants states that "[n]o party anticipates amending pleadings or adding additional parties." Record Document 34. Also, the scheduling order dated February 26, 2008 indicates that the deadline for joinder of parties and amendment of pleadings was closed. See Record Document 35. On November 18, 2008, the defendants filed a motion for summary judgment. See Record Document 38.

About three and one-half months after the defendants filed their motion for summary judgment, Abshure filed his third motion to amend the complaint. See Record Document 51. In the motion, Abshure seeks to add LSU Medical Center employees Dr. Todd Thoma ("Dr. Thoma") and Nurse Anita Turner ("Nurse Turner") for their failure to treat him during his first trip to LSU Medical Center. See id. The defendants did not oppose this motion. On March 23, 2009, Abshure filed his fourth

motion to amend his complaint to add Nurse Busey as a defendant for deliberate acts of indifference. See Record Document 53. On April 14, 2009, the defendants filed a memorandum in opposition to Abshure's fourth motion to amend. See Record Document 60.

## III. LAW AND ANALYSIS

### A. Law On Amended And Supplemental Pleadings.

Under Rule 15(a) of the Federal Rules of Civil Procedure, "leave to amend shall be freely given when justice so requires" and should be granted absent some justification for refusal. See Foman v. Davis, 371 U.S. 178, 83 S. Ct. 227 (1962); Fahim v. Marriott Hotel Servs., Inc., 551 F.3d 344, 347 (5th Cir. 2008). "[U]nless there is a substantial reason, such as undue delay, bad faith, dilatory motive, or undue prejudice to the opposing party, the discretion of the district court is not broad enough to permit denial." Martin's Herend Imports, Inc. v. Diamond & Gem Trading, 195 F.3d 765, 770 (5th Cir. 1999). However, leave to amend "is by no means automatic" and the decision "lies within the sound discretion of the district court." Parish v. Frazier, 195 F.3d 761, 763 (5th Cir. 1999). The Fifth Circuit "more carefully scrutinize[s] a party's attempt to raise new theories of recovery by amendment when the opposing party has filed a motion for summary judgment." Id. at 764.

The rule is different when the court has issued a scheduling order that set a deadline for amending the pleading and that deadline has passed. "Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired. Only

4

upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." S&W Enters., L.L.C. v. SouthTrust Bank of Ala., 315 F.3d 533, 536 (5th Cir. 2003). In determining whether to permit modification of the scheduling order, district courts should consider: "(1) the explanation for the failure to [timely move for leave to amend]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice." Id.

**B.     Third Motion To Amend.**

In his third motion to amend filed on March 3, 2009, Abshure seeks to add LSU Medical Center employees Dr. Thoma and Nurse Turner for their failure to treat him with insulin or provide him with adequate medical care. See Record Document 51. As mentioned above, the deadline for filing an amended pleading was closed on February 26, 2008. See Record Document 35. After review of the record and Abshure's memorandum in support of his third motion to amend, the court finds that Abshure has not demonstrated good cause for his 371 day delay.

Abshure's sole explanation for the late filing is that he was "unaware at the time of his previous amendment that Dr. Thoma and Nurse Turner were key actors in denying his insulin treatment." Record Document 51 at 6. However, it is clear from Abshure's first amended complaint, filed on July 27, 2007, that he was aware that he was examined only once by a nurse, kept in a holding room in a wheelchair,

5

and that he did not receive treatment at LSU Medical Center. See Record Document 20 at 5. The identities of the nurse and physician were easily discoverable.[1]

Granting Abshure's third motion to amend would also be extremely prejudicial to Dr. Thoma and Nurse Turner. Their alleged wrongful conduct occurred on November 5, 2005, over forty-three months ago. As the Louisiana Supreme Court has explained: "The fundamental purpose of prescription statutes is only to afford a defendant economic and psychological security if no claim is made timely, and to protect him from stale claims and from the loss of non-preservation of relevant proof."[2] In re Whitaker Const. Co., Inc., 439 F.3d 212, 219 (5th Cir. 2006) (citing Giroir v. S. La. Med. Ctr., 475 So.2d 1040, 1045 (La. 1985)). Thus, granting Abshure's third motion to amend would run afoul to the fundamental purpose of Louisiana law on prescription. It would cause significant delay in the proceedings, essentially opening a new case from the beginning. Dr. Thoma and Nurse Turner would be entitled to file Rule 12 motions, conduct discovery, and file motions for summary judgment. Accordingly, Abshure's third motion to amend/correct the complaint is **DENIED**.

---

[1] In his motion, Abshure states that the defendants' counsel of record does not object to the filing of the motion. See Record Document 51 at 5. The court notes that the defendants' counsel of record does not represent LSU Medical Center, Dr. Thoma or Nurse Turner. Rather, he represents the CPSO and its employees.

[2] "Delictual actions are subject to a liberative prescription of one year." La. Civ. Code Art. 3492.

## C. Fourth Motion To Amend.

In his fourth motion to amend filed on March 23, 2009, Abshure seeks to add CPSO employee Nurse Busey for her alleged deliberate acts of indifference to Abshure's serious medical needs. See Record Document 53. The defendants filed a memorandum in opposition to Abshure's motion to amend. See Record Document 60. To explain his delay, Abshure notes that the discovery deadline was February 27, 2009, that Nurse Busey was deposed on February 13, 2009, and that counsel for Abshure did not receive her transcript until February 19, 2009. See Record Document 53 at 2. In opposition, the defendants contend that Nurse Busey's involvement was known to Abshure in July of 2007 and that Abshure included Nurse Busey in his August 19, 2008 witness list. See Record Document 60 at 2.

After review of the record and Abshure's memorandum in support of his fourth motion to amend, the court again finds that Abshure has not demonstrated good cause for the 391 day delay in amending his complaint. Abshure either knew or should have known of Nurse Busey's involvement in events leading to this lawsuit. At this point in the litigation (several months after the filing of a motion for summary judgment) and after such an undue delay, allowing the amendment would be unduly prejudicial to the proposed defendant. See Addington v. Farmer's Elevator Mut. Ins. Co., 650 F.2d 663, 667 (5th Cir. 1981); Little v. Liquid Air Corp., 952 F.2d 841, 846 (5th Cir. 1992). Accordingly, Abshure's fourth motion to amend/correct the complaint is **DENIED**.

## IV. CONCLUSION

Based on the foregoing, Abshure's third and fourth motions to amend/correct the complaint (Record Documents 51 and 53) are **DENIED**. An order consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 8th day of June, 2009.

_____
JUDGE TOM STAGG