U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT

JUN 30 2009

TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

JAMES CLINTON ABSHURE

versus

CADDO PARISH SHERIFF'S
OFFICE, ET AL.

CIVIL NO. 06-2031

JUDGE TOM STAGG

## ORDER

Before the court is a motion for reconsideration filed by the plaintiff, James Clinton Abshure ("Abshure"), pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. See Record Document 82. Abshure contends that the court committed clear error by denying his fourth motion to amend.[1] He states that granting his motion would not prolong the proceedings, that he was unaware of Nurse Busey's involvement in his treatment, and that the defendants do not allege undue prejudice. See id.

In his motion, Abshure cites only one binding Fifth Circuit case. See Lone Star Ladies Inv. Club v. Schlotzsky's Inc., 238 F.3d 363 (5th Cir. 2001). In reversing the district court's order denying a motion to amend, the Lone Star court stated: "The

---

[1] Abshure does not challenge the court's order denying his third motion to amend.

1

district court stated no reason, and we perceive no obviously correct reason for denying leave to amend. This is not a case where plaintiffs have already had multiple opportunities to amend their pleadings. Nor is this a case in which leave to amend would prejudice the defense." Lone Star, 238 F.3d at 368.

Abshure had multiple opportunities to amend his complaint. He successfully utilized them on two different occasions. See Record Documents 20 and 31. Despite Abshure's contention, the defendants also allege undue prejudice. They note that if named as a defendant, "Nurse Busey will be entitled to have her qualified immunity examined . . . and, if necessary, could be entitled to interlocutory review of same." Record Document 60 at 4. Under Parish v. Frazier, 195 F.3d 761 (5th Cir. 1999), S&W Enters., L.L.C. v. SouthTrust Bank of Ala., 315 F.3d 533 (5th Cir. 2003), and for the reasons stated in this court prior memorandum ruling as supplemented above, Abshure's motion for reconsideration (Record Document 82) must be **DENIED**.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 30th day of June, 2009.

_____
JUDGE TOM STAGG